OAKLEY (HERWIG v.). See Case No. 6,-435.

OAKMAN (SAWYER v.). See Cases Nos. 12,-402–12,404.

OAKVILLE CO. (AMERICAN PIN CO. v.). See Case No. 313.

---

## Case No. 10,394.

### In re O'BANNON.

[2 N. B. R. 15 (Quarto, 6).] [1]

District Court, E. D. Missouri. 1868.

BANKRUPTCY—PROPERTY HELD BY GRANTEE IN FRAUD OF GRANTOR'S CREDITORS— RETURN IN SCHEDULES — DEFINITION OF MERCHANT OR TRADER.

1. Property conveyed in fraud of the creditors of grantor, as between grantor and grantee, vests the title in the grantee, and must be returned in his schedules of property when he has been adjudged a bankrupt, and if not so returned he is guilty of concealment.

2. A party buying and selling goods for the purposes of gain, though but occasionally, is to be considered a merchant and trader, and must keep proper books of account, so that the creditors may learn the actual condition of his affairs. Discharge refused.

The discharge of a bankrupt was opposed on several specifications.

Specification 2. Concealing and failing to return five hundred and ninety acres of land in Vernon county, the title to which had been vested in the bankrupt by deed of William Shields, made January 13th, 1866, and falsely swearing that he had no real estate at the date of his petition, and had had none since 1861. Upon the hearing it appeared that William Shields, against whom judgments had been recovered, for the purpose of protecting his property from forced sales, made and put on record a deed for five hundred and ninety acres of land in Vernon county to his son-in-law, the bankrupt. This deed was never actually delivered to the grantee, but prior and subsequent to the filing of his petition the bankrupt had executed deeds to purchasers from Shields, Shields receiving the money himself and paying all the expenses. The bankrupt testified that he never considered the property as belonging to him, but to Shields, and that he was but a trustee, and as such made deed when requested by Shields. Shields, the grantor, stated very frankly what was his object in making the deed, and that it was to protect it from forced sales, judgments having been recovered against him, and many of his lands sold at ten cents per acre.

TREAT, District Judge, held, that although the creditors of Shields might have attacked the deed as fraudulent, and although as to

---

[1] [Reprinted by permission.]

them it was void and passed no title, yet as between Shields and the bankrupt the deed was valid to vest the title in the bankrupt, and give him an estate which passed to his assignee, and therefore that the bankrupt had concealed his property.

Specification 4. Being a merchant and not keeping proper books of account.

It appeared that the bankrupt since March 2d, 1867, had been engaged in the general business of soliciting freight for a transportation company, but had also purchased and shipped flour anu grain, making his payments by drawing bills against his shipments, and that he had done so repeatedly. It also appeared that he had kept no regular books of account, day-book, blotter or ledger, and that his only means of determining the condition of his business was from the bills for purchases, accounts of sales returned. and the entries made on the margin of his check books on bank.

THE COURT held, that the bankrupt was a merchant and trader, and as such it was his duty to keep proper and correct books of account. so as to show the condition of his affairs. That it would appear that this duty had been purposely omitted. the bankrupt having previously failed in business, and yet buying. shipping and selling produce, without keeping any accounts whatever, keeping the profits and throwing the losses on his creditors. Specification number 4 sustained. Discharge refused.